UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EMAD SULTANEM and all others
similarly situated,

       Plaintiffs,

v.                                        Case No.  8:12-cv-1739-T-24 TBM

BRIGHT HOUSE NETWORKS, L.L.C.,

       Defendant.

_____/

**ORDER**

       This cause comes before the Court on Defendant's Motion to Compel Arbitration.  (Doc.

No. 8).  Plaintiff opposes the motion.  (Doc. No. 23).  As explained below, the motion is granted.

**I.  Background**

       Plaintiff Emad Sultanem filed this law suit against Defendant Bright House, in which he

alleges that Bright House improperly bills its customers for phone, internet, and cable services.

(Doc. No. 2). In response, Defendant filed the instant motion to compel arbitration.

       In support of its contention that the parties' dispute must be arbitrated, Defendant points

to three work orders that Plaintiff signed, which state the following directly above Plaintiff's

signature:

                          BY PROVIDING MY SIGNATURE BELOW, I UNDERSTAND
                          AND ACKNOWLEDGE THAT AS A BRIGHT HOUSE
                          NETWORKS CUSTOMER, I HAVE BEEN PROVIDED THE
                          AGREEMENT FOR RESIDENTIAL SERVICES, THE
                          ACCEPTABLE USE POLICY, AND THE PRIVACY NOTICE
                          ("SUBSCRIBER POLICIES") AND THAT I AGREE TO THE
                          TERMS OF THE SUBSCRIBER POLICIES.

(Doc. No. 9, Ex. C, E, F).  Paragraph 14 of the Agreement for Residential Services contains an

agreement to arbitrate all disputes that Plaintiff may have with Defendant, unless Plaintiff opts

out within 30 days after receiving the Agreement for Residential Services.  (Doc. No. 9, Ex. D).

Additionally, Paragraphs 1(d) and 15 provide that Plaintiff's acceptance of Defendant's cable,

phone, or internet service constitutes his acceptance to the terms and conditions contained in the

Agreement for Residential Services.[1]  (Doc. No. 9, Ex. D).

Plaintiff signed the three work orders on December 17, 2010, June 21, 2011, and

September 15, 2011.  (Doc. No. 9: Segers declaration, ¶ 11, 13, 15; Doc. 9, Exs. C, E, F; Doc.

No. 12, ¶ 6).  However, Plaintiff did not give Defendant notice of his intention to opt-out of the

arbitration agreement until April 6, 2012—more than 30 days after he first acknowledged

receiving the Agreement for Residential Services via the December 17, 2010 work order.  (Doc.

No. 24, Ex. B).

## II.  Motion to Compel Arbitration

The Federal Arbitration Act ("FAA") embodies a liberal federal policy favoring

arbitration agreements.  See Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1367 (11th

Cir. 2005)(quotation marks and citations omitted).  As explained by the Eleventh Circuit:

> The [FAA] governs the question of who must decide issues of
> arbitrability.  Under the Act, a district court must compel
> arbitration if the parties have agreed to arbitrate their dispute.
> However, if the validity of the agreement to arbitrate is in issue, a
> district court, not a panel of arbitrators, must decide if the
> arbitration clause is enforceable against the parties.  Simply put,
> parties cannot be forced to submit to arbitration if they have not
> agreed to do so.  Thus, the first task of a court asked to compel
> arbitration of a dispute is to determine whether the parties agreed
> to arbitrate that dispute.

---

[1]Plaintiff does not dispute that he accepted Defendant's cable, phone, or internet service
after signing the work orders.

\*      \*      \*

> [If] the party seeking to avoid arbitration has not signed any
> contract requiring arbitration[, then] that party is challenging the
> very existence of *any* agreement, *including the existence of an
> agreement to arbitrate.* . . . [B]efore sending any such grievances
> to arbitration, *the district court itself* must first decide whether or
> not the non-signing party can nonetheless be bound by the
> contractual language.
>
> In cases of this type, the proper rule has been stated by our
> predecessor court: To make a genuine issue entitling the [party
> seeking to avoid arbitration] to a trial by jury [on the arbitrability
> question], an unequivocal denial that the agreement had been made
> [is] needed, and some evidence should [be] produced to
> substantiate the denial.

Chastain v. Robinson-Humphrey Co., 957 F.2d 851, 853-54 (11th Cir. 1992)(internal quotation marks and citations omitted).

Plaintiff argues that he did not actually learn of the Agreement for Residential Services and the arbitration agreement contained therein until he found it online in late March of 2012, and then he promptly opted out on April 6, 2012 (within 30 days after actually learning of its existence).  Therefore, Plaintiff argues that he cannot be compelled to arbitrate this dispute, because he promptly opted out.  This argument, however, has no merit, because Plaintiff acknowledged receiving the Agreement for Residential Services (which contained the arbitration agreement) when he signed the December 17, 2010 work order, and he did not opt out within 30 days.

According to Chastain, in order to raise a genuine issue entitling Plaintiff to a jury trial on the issue of whether he agreed to arbitrate this dispute, Plaintiff must do two things: (1) unequivocally deny that he agreed to the arbitration provision, and (2) produce some evidence to

3

substantiate his denial.  While Plaintiff has submitted a declaration in which he states that he did

not agree to the arbitration provision and has attempted to opt-out, that alone is not sufficient.

He must also provide some proof to substantiate his denial, which he has not done.

Plaintiff's denial in his declaration of actually receiving the Agreement for Residential

Services when he signed the work orders is not sufficient evidence on its own, given that he

signed the work orders in which he acknowledged receipt of the Agreement for Residential

Services.  Under Florida law, a person is deemed to have read a contract that they have signed.

See Dorward v. Macy's Inc., 2011 WL 2893118, at *6 (M.D. Fla. July 20, 2011)(citation

omitted).  As such, Plaintiff's signature on the work orders acknowledging his receipt of the

Agreement for Residential Services is evidence that he received it.[2]  See Honig v. Comcast of

Ga, I, LLC, 537 F. Supp.2d 1277, 1281, 1283 (N.D. Ga. 2008)(considering the plaintiff's

signature on a work order acknowledging receipt of the subscriber agreement containing the

arbitration provision as evidence that she did receive it).  Plaintiff's denial of receipt, without

more, is not sufficient to create a jury issue.  Accordingly, the Court concludes that an agreement

to arbitrate the dispute at issue in this case exists, and as such, the Court must compel arbitration.

---

[2]Courts have found that the plaintiff received an agreement containing an arbitration
provision based on lesser evidence than a signed acknowledgment of receipt from the plaintiff.
For example, when a defendant submitted evidence that it mailed an agreement containing an
arbitration provision to the plaintiff, courts have concluded that such evidence was sufficient to
overcome the plaintiff's denial of receipt of the agreement.  See, e.g., Rivera v. AT&T Corp.,
420 F. Supp.2d 1312, 1320 (S.D. Fla. 2006); Athon v. Direct Merchants Bank, 2007 WL
1100477, at *4 (M.D. Ga. April 11, 2007); Krutchik v. Chase Bank USA, N.A., 531 F. Supp.2d
1359, 1365 (S.D. Fla. 2008); Sanders v. Comcast Cable Holdings, LLC, 2008 WL 150479, at *6
(M.D. Fla. 2008).

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)    Defendant's Motion to Compel Arbitration (Doc. No. 8) is **GRANTED**, and this

case is stayed pending arbitration.

(2)    The Clerk is directed to **ADMINISTRATIVELY CLOSE** this case.

(3)    Plaintiff is directed to file a status report on April 1, 2013, and every two months

thereafter, informing the Court of the status of the arbitration proceedings and

whether this case may be dismissed and closed.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of October, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record